UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LINDA BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00515-HAB-SLC |
| | ) | |
| AVANCEZ, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Avancez, LLC  ("Avancez") by counsel answers the Complaint of the Plaintiff, Linda Brooks, as follows:

1.      My address is 2505 Gay Street, Fort Wayne, IN 46803.

*ANSWER: Avancez denies for lack of knowledge the allegations contained in Paragraph 1 of the Complaint.*

2.      My telephone number is:  (313) 434-6549.

*ANSWER: Avancez denies for lack of knowledge the allegations contained in Paragraph 2 of the Complaint.*

3.      The Defendant's address is:  12808 Stonebridge Road, Roanoke, IN 46783.

*ANSWER:  Avancez admits that it operates a facility at 12808 Stronebridge Road, Roanoke, IN 46783, but denies the remaining allegations contained in Paragraph 3 of the Complaint.*

4.      This action is brought for employment discrimination pursuant to:

- Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. (race, color, gender, religion, national origin)
- Age discrimination in Employment Act of 1967, 29 U.S.C. §§621 to 634.

- Americans With Disabilities Act of 1990, 42 U.S.C. §§12112 to 12117.
- Other:  Third party discrimination, African Americans were coerce to write false statements accusing me of threatening them.

*ANSWER:  Avancez admits that Plaintiff is alleging violations of Title VII, ADEA and the Americans With Disabilities Act, but denies any discrimination therein and denies the remaining allegations contained in Paragraph 4 of the Complaint.*

5.      I filed a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission on:  13 March 2019.

*ANSWER: Avancez admits that Plaintiff filed at least one charge of discrimination with the EEOC, but denies for lack of knowledge the remaining allegations contained in Paragraph 5 of the Complaint.*

6.      The date on my Notice of Right to Sue letter is:  10 September 2019.

*ANSWER: Avancez admits that Plaintiff was issued a Right to Sue letter for one charge of discrimination, Charge No. 470-2019-01848 on or about September 10, 2019, but denies the remaining allegations contained in Paragraph 6 of the Complaint.  Responding further, claims related to Charge No. 24D-2019-00270, purportedly filed by Plaintiff, Linda Brooks, on or about June 3, 2019, are not ripe for litigation because the EEOC has not concluded its investigation on this charge or issued a Right to Sue letter to Avancez's knowledge, and therefore Plaintiff has yet to exhaust her administrative remedies with respect to the claims asserted in this charge.*

7.      The date I received my Notice of Right to Sue letter was:  11 September 2019.

*ANSWER: Avancez denies for lack of knowledge the allegations contained in Paragraph 7 of the Complaint.*

<u>Claims and Facts</u>

1.      Hire Date Aerotek Temporary Service:  Tuesday 26th June 2018 at 9:00am.
First day on third shift working at Avancez through Aerotek Temporary:
Thursday 28th June 2018 at 10:30 pm.
Hire Date as an Avancez Employee:  Wednesday 26 September 2018 at 7:00 am.

*ANSWER:  Avancez admits Plaintiff was hired in through the temporary agency Aerotek in late June, 2018, worked third shift and was hired in as a regular employee in late September of 2018, but denies the remaining allegations contained in Paragraph 1 of the Complaint.*

2.      Thursday 28th June 2018 third shift during orientation training.  Yessica Ayala (Trainer for Avancez) asked all the participants in the orientation/training class to state their name and "age," we all complied with her request by stating our name and "age".

*ANSWER:  Avancez admits that Yessica Ayala is a trainer and orientation employees may be asked to state their name, but denies the remaining allegations contained in Paragraph 2 of the Complaint.*

3.      In July 2018 after completing orientation/training I was assigned to work as an Assembler on the Third Shift Console Line at the Continuity/Final Inspection station which was also my Home Station.  I was also required to learn all the other stations on the Console Line.  My main tasks/duties included testing the electronics and inspecting each console before it would be shipped to General Motors.  Therefore this meant if a co-worker did not properly the assemble (sic) console, I was required to report it to the team lead who would then repair the console.  This position made me a target to be harassed by co-workers that fail the inspection.  These disgruntled co-workers would come over to my station (Continuity/Final Inspection) and shout profanity at me such as "fuck you".  When I would report my coworkers misconduct to the Team Lead, Liza Chambers (third shift console) and supervisor, Al Calxie (third shift console), they did nothing to resolve the problems.  Instead Liza Chambers and Al Calxie used these opportunities to gaslight

my unfortunate circumstances instead of correcting these co-workers misconduct.  Later I found out that Avancez Human Resources Manager Chad Pieper, HR Staff Member Kathy Marburger, Trainer Yessica Ayala, Manager Keith Reed, Quality Manager Carl-Phillip Doissant, Third Shift Supervisor Al Calxie, Third Shift Supervisor Steve McGuire, Third Shift Team Lead Liza Chambers, Second Shift Team Lead Brittany J. Tipton, Acting 2209 UAW Committee Chairperson Theresa Bradin, Third Shift Quality Control Tiffany Crawford, Third Shift co-workers Paige, Leona Houston, Jermia Underwood, Christa Summers, Christeen Goodwyn and LaDaisa Green would work together in getting me falsely terminated for threaten Avancez's management, staff and co-workers.

ANSWER:  *Avancez admits that Plaintiff was employed as an Assembler on third shift and that she was required to learn all the stations on the Console Line, and that she was tasked with reporting any issues with the product to her Lead and that she was terminated for threatening co-workers but Avancez denies the remaining allegations contained in Paragraph 3 of the Complaint.*

4.      In May of 2019, Chairperson Theresa Bradin accused me of threatening UAW 2209 Vice President Todd McKibben during a meeting with Avancez HR Manager Kathy Marburger.  I do not know who asked Acting 2209 UAW Union Committee Chairperson Theresa Bradin to represent me, but I did not want her there.  2209 UAW Vice President Todd McKibben was the representation I had requested from 2209 UAW.  During this meeting HR Staff Kathy Marburger, she (Kathy Marburger) threaten, intimidated, interrogating, disrespected and harassed me continually as well as verbally abusing by specifically accusing me of threatening 3 African American co-workers, which did not happen.  So I asked the UAW 2209 to "please help me or do I have to go to another organization to receive help with this harassment."  Then Acting UAW 2209 Union Committee Chairperson Theresa Bradin said "you just threaten Todd".  I replied "I

did not threaten Todd", and HR Staff Kathy Marburger stated, "yes you did, and I am going to terminate you". I looked at Todd and asked him, "Did I threaten you?" Todd replied, "No." HR Staff Kathy Marburger suspended me at this meeting and shortly after the suspension, HR Manager Chad Pieper terminated me for alleged threats I never made to 3 African American co-workers which was never proven.

*ANSWER*: *Avancez admits that Plaintiff was represented by UAW Local 2209 and that a meeting was held between HR, the Plaintiff, with union representation present, where Plaintiff's threatening statements to co-workers was discussed, and that the Plaintiff was suspended pending an investigation and subsequently terminated for making threats, but denies the remaining allegations contained in Paragraph 4 of the Complaint.*

5.      On Monday 29 October 2018, the attached Document #5 (Avancez Incident Report Hostile Work Environment) documents the day I was told by Team Lead Liza Chambers when she was being questioned by Third Shift Plant Manager Keith Reed, who asked her, "Why is Linda not being allowed to train on other stations?" Liza Chambers replied, "because they said/feel she (me-Linda Brooks) was too old." The next day Keith Reed approach me and asked me, "I did (sic) you turn-in a written document to Human Resources about 'age' discrimination and harassment. I relied yes, then he said you forgot to put your name on it. I said OK, where is it, I will put my name on it now. Keith Reed responded by saying, "don't worry about it, I will put your name on it." On 7 February 2019, I went HR (sic), Document #5 was missing from my personnel file. From 28 June through 31 October 2018, I was denied opportunity to receive training on other stations on the Console Assembly Line because of my age.

*ANSWER: Avancez admits that Plaintiff alleged in Document #5 that a co-worker made an age-based statement and that Document #5 does not have Plaintiff's name on it, but denies the remaining allegations contained in Paragraph 5 of the Complaint.*

6.      In February 2019, I became aware that the documented complaint I filed back in October of 2018 was never placed in my file.  Prior to this discovery in October 2018, the day after I filed the report, Third Shift Plant Manager Keith Reed approached me and asked, "Did you turn in a document to Human Resources about harassment?"  I replied yes.  Then Keith Reed said you did not put your name on it.  I said OK I will go and put my name on it now."  And he stated "I will put your name on it for you."  Keith Reed confirmed this conservation (sic) in February 2019 in HR with Chad Pieper, Steve McGuire and myself present during the meeting when I was suddenly being ambushed by HR Manager Chad Pieper and Steve McGuire about my U.S. Army service connected disability.

*ANSWER: Avancez admits that at least one of Plaintiff's complaints did not have her name on it and that Plaintiff did meet with Steve McGuire and Chad Pieper at Plaintiff's own request in February of 2019, but denies the remaining allegations contained in Paragraph 6 of the Complaint.*

7.      In February 2019 at this meeting with HR Manager Chad Pieper, Third Shift Supervisor Steve McGuire and myself, I was ambushed.  I asked Chad Pieper 3 times if I could speak to him without my supervisor Steve McGuire in the room.  He said "no."  Chad Pieper's refusal left me no option I felt I needed to reveal to Chad Pieper that I was a U.S. Army service connected veteran with PTSD.  After I revealed my disability to Chad Pieper, he said "you just threaten Steve."  I said, "How did I threaten Steve?"  Chad Pieper stated, "You said you had PTSD and tht (sic) anything could happen."  I replied, "I did not say that."  Chad Pieper prepared written

disciplinary action stating that I had threaten Supervisor Steve McGuire and said that "if you don't sign it, I am going to terminate you."

*ANSWER*:  *Avancez admits that during the meeting in February of 2019, with Chad Pieper and Steve McGuire that Plaintiff indicated she had PTSD and made a threatening comment towards management, and that Plaintiff was issued a written warning as discipline for that threat, but denies the remaining allegations contained in Paragraph 7 of the Complaint*

8.      From June 2018 to May 2019 I noticed that Avancez had a very high turn-over rate in African American employees.  There were several acts of misconduct weekly by management, staff and co-workers.  Profanity, racial slurs and physically threatening behaviors when uncheck (sic) at Avancez, to the point that the police was called to the plant for violence.  I reported being offended as a U.S. Army Veteran to my Team Lead Liza Chambers and Supervisor Al Calxie that a white co-worker was allowed daily to display her large tattoo of Hitler which disrespect all the veterans who die fighting against communism.  They refused to take action about this matter.

*ANSWER:  Avancez denies the allegations contained in Paragraph 8 of the Complaint. Responding further, these claims are outside the scope of any charge of discrimination and therefore Plaintiff has not exhausted administrative remedies and are not ripe for litigation.*

9.      From June 2018 to May 2019, I maintained a professional demeanor by staying at my work station, keeping busy working, even when there was no work.  I was there when Avancez finally launched the company working hard every day on time and working mandatory over-time and whenever it was requested Avancez management staff of me.  I did not receive any disciplinary action from Avancez until "after" I filed the "age" incident complaint in October 2018 because I was being denied the right to be trained on other station because of my "age".

*ANSWER*:   *Avancez admits that Plaintiff worked some mandatory overtime between June of 2018 and May of  2019.  Avancez denies the remaining allegations contained in Paragraph 9 of the Complaint.*

WHEREFORE,  Defendant Avancez respectfully requests that the Plaintiff, Linda Brooks, take nothing by way of her Complaint, that judgment be entered in the Defendant's favor, and that the Court award Defendant its attorney fees and costs, and all other just and proper relief.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

1.      Defendant denies every allegation, whether express or implied, that is not unequivocally or specifically admitted in this Answer.

2.      One or more of Plaintiff's claims fails to state a cause of action for which relief may be granted under Federal Rule of Civil Procedure 12(B)(6).

3.      All of the actions of which Plaintiff complains were justified by legitimate, non-discriminatory, non-retaliatory business reasons, and the same action would have been taken on the basis of these legitimate, non-discriminatory, non-retaliatory business reasons, regardless of any claim of discriminatory or retaliatory motive.

4.      Some or all of Plaintiff's claims fail for failure to exhaust administrative remedies, including exhausting union collective bargaining agreement remedies, as well as EEOC remedies.

5.      Plaintiff's claims raised in Charge No. 24D-2019-00270 (see Complaint, Document No. 2) are not ripe for litigation as the EEOC has not concluded its investigation or issued a Notice of Right to Sue, and therefore Plaintiff has not yet exhausted her administrative remedies with respect to those claims (including, specifically, the allegations contained in the Complaint, Paragraphs 3, 7 and 9 relating to Plaintiff's termination).

6.      To the extent Plaintiff asserts claims outside the scope of her EEOC charges, either Charge No. 470-2019-01848 or Charge No. 24D-2019-00270, those claims, including her Title VII race, discrimination and retaliation claims, are barred by Plaintiff's failure to exhaust her administrative remedies.

7.      To the extent any of Plaintiff's claims are untimely under the applicable statute of limitations, they are barred.

8.      Plaintiff's claims are barred to the extent she failed to mitigate her alleged damages, if any.

9.      To the extent Plaintiff claims any damages, they would be offset by any subsequent income she received.

10.     Defendant may not be liable for punitive damages to the extent any managerial agents or other employees made employment decisions contrary to its good faith efforts to comply with the law.

11.     One or more of Plaintiff's claims may be barred by the doctrines of estoppel, waiver and/or laches.

12.     Defendant reserves the right to assert additional defenses as may appear applicable during the course of this litigation, including discovery, trial or otherwise.

Respectfully submitted,

BURT, BLEE, DIXON, SUTTON & BLOOM, LLP

s/*Martha M. Lemert*
Martha M. Lemert (#20961-02)
200 East Main Street, Suite 1000
Fort Wayne, IN 46802
Phone:  (260) 426-1300
Fax:     (260) 422-7932
Email: mlemert@burtblee.com
*Attorney for Defendant, Avancez*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2020, the foregoing was filed electronically.  A copy was mailed to the Pro Se Plaintiff via US mail on this date.   Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Linda Brooks
2505 Gay Street
Fort Wayne, IN 46803
*Pro Se Plaintiff*

                                     s/*Martha M. Lemert*
                                     Martha M. Lemert